Kone v. Holder

BIA
Abrams, IJ
A093 397 414

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

SALIOU KONE, A.K.A. YACOUBA BAKALA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent.*

10-1991-ag
NAC

_____

FOR PETITIONER:        Gary J. Yerman, Yerman & Associates, LLC, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; Mona Maria

**Yousif, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Saliou Kone, a native and citizen of the Ivory Coast, seeks review of an April 22, 2010, order of the BIA affirming the May 21, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams denying Kone's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Saliou Kone*, No. A093 397 414 (B.I.A. Apr. 22, 2010), *aff'g* No. A093 397 414 (Immig. Ct. N.Y. City May 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because the BIA adopted and affirmed the IJ's decision, we review the two decisions in tandem. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We will uphold the IJ's factual findings if they are supported by "reasonable, substantial and probative evidence in the record," *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104,

116 (2d Cir. 2007) (internal quotation marks omitted).  In contrast, "[w]e review *de novo* questions of law and the [BIA's] application of law to undisputed fact."  *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).  We grant the petition for review and remand for further consideration, as we cannot conclude that the agency would reach the same result absent the error that we identify in its adverse credibility determination.

The IJ indicated that Kone's inability to state the full name of the "RDR" (*Rassemblement des Républicains* or Rally of Republicans), the political party that he claimed to support, was "the most telling" basis for denying his application for relief.  We have held that an asylum applicant's ignorance of the actual name of the political party to which he claimed to belong, and on whose behalf he claimed to have suffered persecution, can undermine the applicant's credibility.  *Sanusi v. Gonzalez*, 445 F.3d 193, 200 (2d Cir. 2006) (per curiam).

In this case, however, the agency failed to address whether Kone's evidence documenting his membership in the RDR - a letter from the party and a membership card - rehabilitated his testimony.  *See Biao Yang v. Gonzales*, 496

3

F.3d 268, 273 (2d Cir. 2007) (per curiam) (explaining that an applicant's corroborating evidence may rehabilitate otherwise questionable testimony). Because the agency did not explain why its finding that Kone was not credible as to his membership in the RDR was not rebutted by his corroborating evidence, the finding was "based on flawed reasoning" and "will not satisfy the substantial evidence standard." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir. 2005) (internal quotation marks omitted).

Our conclusion that the IJ failed to give appropriate weight to Kone's corroborating evidence does not end our inquiry. Remand is appropriate only if "there is no realistic possibility that, absent the error [we have identified], the IJ or BIA would have reached a different conclusion" regarding Kone's credibility. *Id*. at 401. As a general matter, however, "[t]he more central an errant finding was to the IJ's adverse credibility determination, . . . the less confident we can be that remand would be futile." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 111 (2d Cir. 2006).

In affirming the IJ's finding that Kone's claims of past persecution were incredible and therefore did not

4

warrant relief from removal, the BIA relied on three purported inconsistencies in addition to the statements regarding the RDR discussed above. First, the BIA asserted that Kone "did not convincingly explain the discrepancies cited by the Immigration Judge regarding the amount paid for [his] release from detention." During his hearing before the IJ, Kone testified, with the assistance of a translator, that he was forced to pay 20,000 CFA after being detained by Ivory Coast police in 2000. In an earlier written statement, however, he indicated that the amount was 100,000 CFA. When the IJ questioned him about the inconsistency, Kone explained that "20,000 in Dioula is equal to 100,000 in French" and that the discrepancy was due to the fact that, while he had provided his written statement in French, he was testifying in Dioula. The translator supported Kone's explanation, a fact that the IJ acknowledged at the time. Nevertheless, in his oral decision, the IJ cited this exchange as one of a series of instances in which Kone had "made mistakes as far as his testimony was concerned" and then attempted "to blame it on the interpreter or [] the Dioula and the French language."

Although the IJ was not required to accept Kone's

5

explanation for the conflict between his statements, he was "required to present specific, cogent reasons for rejecting it." *Zhi Wei Pang v. Bureau of Citizenship & Immigration Servs.*, 448 F.3d 102, 108 (2d Cir. 2006). Here, the IJ justified his conclusion that no translation error had occurred by pointing out that Kone had testified consistently about the amount he paid for documents to enter the United States. But the fact that the translator rendered Kone's statements properly in another context is a weak basis for concluding that, in this instance, a misunderstanding had not occurred. This is particularly true given that the translator supported Kone's explanation, a fact that the IJ did not address in his analysis.

The other inconsistencies cited by the BIA - relating to whether Kone fled to Burkina Faso in the company of his wife and whether he was beaten with a whip – were similarly founded on a highly technical parsing of statements that were mediated by translation and subject to the idiosyncratic vagaries of English, Dioula and French. In at least one of these instances, moreover, Kone's explanation was again supported by the translator. Although the agency may base its credibility assessment on inconsistencies in an

applicant's statements without regard to whether they "go[] to the heart of [his] claim," 8 U.S.C. § 1158(b)(1)(B)(iii), inconsistencies with regard to peripheral issues or details alone will often be insufficient to support an adverse credibility finding. This is particularly true where, as here, the probative force of the inconsistencies is undercut by evidence that they were the result of translation errors.

We therefore cannot conclude that, absent the inference that the IJ described as "the most telling aspect" of the case, the agency would necessarily have concluded that Kone's petition lacked merit. *Li Hua Lin*, 453 F.3d at 111. Accordingly, we remand the case for the agency to reevaluate Kone's credibility and particularly determine whether Kone's evidence corroborating his membership in the RDR rehabilitated his testimony. We express no opinion as to the ultimate outcome on remand.

For the foregoing reasons, the petition for review is GRANTED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7